**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | |
|---|---|
| CHALET JEAN-BAPTISTE, *on behalf of herself and all similarly situated individuals*,<br><br>        Plaintiff,<br><br>v.<br><br>APPLE FEDERAL CREDIT UNION,<br><br>        Defendant. | Civil Action No. 1:18-cv-0188 (LO/TCB) |

**MEMORANDUM IN SUPPORT OF MOTION**
**FOR LEAVE TO FILE AN AMENDED COMPLAINT**

Plaintiff Chalet Jean-Baptiste, by counsel, pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, moves for leave to file an Amended Complaint. Plaintiff submits this Memorandum in Support of the Motion and the Proposed Amended Complaint (attached as Ex. 1) pursuant to Local Rule 7(F)(1).

**I.      Overview**

Plaintiff seeks to file an Amended Complaint to add express allegations regarding an additional basis for this Court's jurisdiction; add an additional class representative; and make more detailed allegations regarding the basis for their claims. In accordance with the liberal standard for granting leave to amend under Fed. R. Civ. P. 15, Plaintiff respectfully requests that the Court grant this motion for a first amendment of the complaint.

**II.     Standard for Granting Leave to Amend.**

Fed. R. Civ. P. 15(a) provides that "a party may amend its pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."

In *Foman v. Davis*, the United States Supreme Court explained that Rule 15's mandate of freely granting leave to amend "is to be heeded," *Foman v. Davis*, 371 U.S. 178, 182 (1962), and articulated various factors that district courts should consider in deciding whether to grant leave to amend:

> Rule 15(a) declares that leave to amend "shall be freely given when justice so requires"; this mandate is to be heeded. In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be "freely given."

*Id.* (citation omitted).

"While *Foman's* enumeration of factors cannot be thought exclusive, they do embody a principle which focuses on prejudice or futility or bad faith as the *only* legitimate concerns in denying leave to amend, since only these truly relate to protection of the judicial system or other litigants. *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980) (emphasis added).

## III.   PLAINTIFF SHOULD BE GRANTED LEAVE TO AMEND

Based on the factors set forth in *Foman* and *Davis*, Plaintiff should be granted leave to file the Amended Complaint because it is in the interests of justice. First, Defendant would not suffer any prejudice as a result of the amendment, and has articulated no reason why it refuses to consent to the amendment. Defendant's refusal to consent to the filing of a first amended complaint, at the infancy of this litigation, appears to be a delay tactic designed to stonewall the prosecution of these claims. Indeed, Plaintiff brings this motion in the interest of judicial efficiency. Should Plaintiff's motion be denied, a new action with the additional proposed class representative will be filed in this district based on substantially similar facts alleged in this complaint. The new case would likely be related to the instant case, reassigned to Your Honor's docket, and consolidated with the instant case – a roundabout and ineffecient way of accomplishing exactly the same outcome as the

proposed amendment. Consolidating the cases into one action by way of amendment is therefore in the interests of judicial economy.  Finally, Plaintiff has acted in good faith and the amendment is neither futile nor brought after undue delay.

### A.    Defendant Would Not Suffer Unfair Prejudice

Defendant will not be prejudiced if the Court were to permit the filing of the Amended Complaint. As one court has explained, "to show prejudice the party opposing the amendment of a complaint 'must show that it was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the . . . amendments been timely.'" *Lundy v. Adamar of New Jersey, Inc.*, 34 F.3d 1173, 1189 n.8 (3d Cir. 1994) (quoting *Bechtel v. Robinson*, 886 F.2d 644, 652 (3d Cir. 1989).  Here, Defendant will not suffer prejudice as a result of Plaintiff's proposed amendment because the original complaint is very recent, discovery has yet to commence, and Amended Complaint does not seek to add any new causes of action. *See Norfolk 302, LLC v. Vassar,* No. 2:07CV203, 2009 WL 10689618, at *2 (E.D. Va. Jan. 16, 2009) (holding defendant would not suffer prejudice as a result of the amendment in part because discovery had not yet started). Instead, the proposed Amended Complaint seeks to provide additional details regarding the existing claims, add an additional jurisdictional basis, and add an additional class representative. Just as importantly, no significant deadlines have passed in this case. Accordingly, Defendant will not be prejudiced by the amendment.

### B.    Allowing the Amendment Promotes Judicial Efficiency Insofar as It Prevents the Filing of a Second, Nearly Identical Action

Moreover, Plaintiff brings this motion for leave to amend in order to promote judicial efficiency. Should the Court deny Plaintiff's motion, the additional proposed class representative would file a nearly identical case in this district, which would likely be consolidated with this one. Allowing the amendment at this early stage in the litigation, prior to the commencement of

any discovery, is in the interest of judicial economy insofar as it allows the two Plaintiffs' claims to be consolidated into one civil action. *See* Norfolk 302, LLC, 2009 WL 10689618, at *2 (Granting Plaintiffs' Motion for leave to amend in part because "judicial economy is best served and promoted by consolidating Plaintiffs' claims into one civil action."). That Defendant opposes such reasonable efforts to streamline this litigation is telling.

**C.     The Amended Complaint Is Neither Futile Nor Sought After Undue    Delay, and Plaintiff Has Not Acted in Bad Faith.**

Finally, the Amended Complaint is neither futile nor sought after undue delay, and Plaintiff has acted in good faith.

Plaintiff's and Ms. Jamie Liggio's claims are strong, not futile, as demonstrated by the allegations of the proposed amended complaint attached hereto. Nor is the proposed amendment the result of any "undue delay" – to the contrary, prior to the commencement of any discovery, and immediately after being retained by Ms. Liggio, Plaintiff's counsel began diligently working to prepare, confer with Defendant regarding, and file this Motion.

Plaintiff brings this motion in good faith. As explained previously, the proposed Amended Complaint contains the same causes of action the parties are already litigating. Thus, Defendant will not be unfairly disadvantaged or deprived of the opportunity to present facts or evidence—for example, in a new motion to dismiss. Accordingly, Plaintiff respectfully requests that this motion be granted because Defendant would suffer no prejudice as evidenced by its consent and Plaintiff has not acted in bad faith or for a dilatory motive.

Respectfully Submitted,
**CHALET JEAN-BAPTISTE**

By:___*/s/*_____
                Counsel

Kristi C. Kelly, Esq., VSB #72791

Andrew J. Guzzo, Esq., VSB #82170
Casey S. Nash, Esq., VSB #84261
**KELLY & CRANDALL, PLC**
3925 Chain Bridge Road
Suite 202 Fairfax, VA 22030
Tel: (703) 424-7572
Fax: (703) 591-0167
Email: kkelly@kellyandcrandall.com
Email: aguzzo@kellyandcrandall.com
Email: casey@kellyandcrandall.com

Jeffrey Kaliel (*pro hac vice*)
jkaliel@kalielpllc.com
Sophia Gold*
sgold@kalielpllc.com
**KALIEL PLLC**
1875 Connecticut Ave. NW 10th Floor
Washington, D.C. 20009
Tel: (202) 350-4783

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of May, 2018, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

*/s/ Kristi C. Kelly*

Kristi Cahoon Kelly, VSB #72791
KELLY & CRANDALL, PLC
4084 University Drive, Suite 202A
Fairfax, Virginia 22030
(703) 424-7572 Telephone
(703) 591-9285 - Facsimile
E-mail:  kkelly@kellyandcrandall.com
*Counsel for Plaintiffs*

- 6 -