**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**

**ALEXANDRIA DIVISION**

| | |
|---|---|
| CHALET JEAN-BAPTISTE; and JAMIE LIGGIO, individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>v.<br><br>APPLE FEDERAL CREDIT UNION,<br><br>        Defendant. | Civil Action No. 1:18-cv-188-LO/TCB |

**FIRST AMENDED CLASS ACTION COMPLAINT**

Plaintiffs Chalet Jean-Baptiste and Jamie Liggio, individually and on behalf of all others similarly situated, complain and allege as follows based on personal knowledge as to themselves, on the investigation of their counsel, and on information and belief as to all other matters:

**INTRODUCTION**

1.     This is a civil action seeking monetary damages, restitution and declaratory relief from Defendant, Apple Federal Credit Union ("Apple FCU"), arising from a) the unfair and unconscionable assessment and collection of "overdraft fees" ("OD Fees") on accounts that were never actually overdrawn, and for certain types of transactions that Apple FCU promised its account holders could not result in the assessment of an OD Fee.

2.     Besides being deceptive, unfair and unconscionable, these practices breach contract promises made in the Apple FCU's adhesion contracts—specifically, the promise to charge an OD Fee only on a transaction that actually overdraws an account and, in the case of one-time debit card transactions, not to charge an OD Fee for any such transaction absent the account holder's affirmative, informed, and written consent.

3.     In plain, clear, and simple language, the contractual checking account documents promise that Apple FCU will only charge an OD Fee on a transaction that "overdraws the account,"

i.e., in the circumstance where there are funds in the account but which are insufficient to "cover" an authorized transaction, and further promise that Apple FCU will not charge any OD Fees as a result of one-time debit card or ATM transactions absent the prior provision of informed, written consent.

4.     As happened to Plaintiffs, however, Apple FCU charges OD Fees even when the transactions have not overdrawn an account, and for one-time debit card transactions even where the account holder has not affirmatively provided informed written consent.  Both Plaintiff Jean-Baptiste and Plaintiff Liggio were repeatedly charged OD Fees on routine transactions, even though, according to the monthly account statements prepared by Apple FCU, *their account balances never went into the negative for the supposed overdraft event*.  By definition, then, there were always funds to cover those transactions—yet Apple FCU assessed an OD Fee on them anyway.

5.     Likewise, both Plaintiff Jean-Baptiste and Plaintiff Liggio were repeatedly charged OD Fees resulting from one-time non-recurring debit card transactions, even though neither of them provided Apple FCU the requisite consent necessary to authorize such transactions and to charge OD Fees resulting from them.

6.     In short, Apple FCU is not authorized by contract to charge OD Fees on transactions that have not overdrawn an account, or on one-time non-recurring debit transactions without affirmative, informed consent.  But Apple FCU nonetheless has done so and continues to do so, in breach of its contract with its account holders. Moreover, its assessment of OD Fees in this manner also violates federal Regulation E, which requires full and fair disclosure of overdraft practices.

7.     Plaintiffs and other Apple FCU customers have been injured by Apple FCU's practices.  On behalf of themselves and the putative classes, Plaintiffs seek damages, restitution and injunctive relief for Apple FCU's breach of contract and violation of Regulation E.

## JURISDICTION

8.     This Court has original jurisdiction pursuant to 18 U.S.C. § 1965 and 15 U.S.C. § 1692k(d).  The Court also has original jurisdiction over this putative class action lawsuit pursuant

to the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332(d)(2) & (6), because the aggregate sum of the claims of the putative class members exceeds $5 million, exclusive of interest and costs, and because at least one of the members of the proposed class is a citizen of a different state than Apple FCU.

9.     Pursuant to Section 33 of the Membership and Account Agreement entered into between Apple FCU and the Plaintiffs, venue and personal jurisdiction are proper in this district because Apple FCU is located in a county encompassed by this district.

## PARTIES

10.     Plaintiff Chalet Jean-Baptiste ("Plaintiff Jean-Baptiste") is a natural person who resides in Virginia.  Plaintiff Jean-Baptiste has two personal checking accounts with Apple FCU, both of which are governed by Apple FCU's "standard overdraft practices."

11.     Plaintiff Jamie Liggio ("Plaintiff Liggio") is a natural person who resides in Virginia.  Plaintiff Liggio has a personal checking account with Apple FCU, which is governed by Apple FCU's "standard overdraft practices."

12.     Defendant Apple FCU is a credit union with approximately $2.4 billion in assets. Apple FCU is one of the 6 largest credit unions in Virginia.  Apple FCU is headquartered in Fairfax, VA and maintains branch locations across the state of Virginia.  Apple FCU's account holders are located primarily in Virginia but, on information and belief, many account holders of Apple FCU reside in surrounding states and the District of Columbia.

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

13.     Apple FCU issues debit cards to its checking account customers, including Plaintiff Jean-Baptiste and Plaintiff Liggio, which allow its customers to have electronic access to their checking accounts for purchases, payments, withdrawals and other electronic debit transactions.

14.     Pursuant to its standard account agreement, Apple FCU charges OD Fees (currently in the amount of $29.00 each) for debit card and other types of transactions that purportedly result in an overdraft of a personal checking account.

3

A.    **Regulation E Confers Important Rights to Apple FCU Account Holders**

15.    Since 2010, Regulation E has required all banks and credit unions to provide a series of specific, statutorily mandated written disclosures to accountholders, and to then receive the account holder's affirmative consent in return, prior to charging overdraft fees against the accountholder's account as a result of an ATM and/or non-recurring debit card.

16.    Specifically, the "Opt-In Rule" of Regulation E (12 C.F.R. § 1005.17) provides that "a financial institution ... shall not assess a fee or charge ... pursuant to the institution's overdraft service, unless the institution: (i) [p]rovides the consumer with a notice in writing . . . describing the institution's overdraft service" and (ii) "[p]rovides a reasonable opportunity for the consumer to affirmatively consent" to enter into the overdraft service. (*Id.*) To comply with the affirmative consent requirement, a financial institution must provide a segregated description of its overdraft practices that is "clear and readily understandable" (12 C.F.R. §205.4(a)(l)), accurate, non-misleading and truthful, as mandated by 12 C.F.R. § 1005.17.  The financial institution must provide confirmation of any account holder's decision to opt-in to such a service in a manner that complies with 12 C.F.R. § 1005.17.

17.    The intent and purpose of the Opt-In Rule is to "assist customers in understanding how overdraft services provided by their institutions operate .... by explaining the institution's overdraft service ... in a clear and readily understandable way"-as stated in the Official Staff Commentary (74 Fed. Reg. 59033, 59035, 59037, 5940, 5948), which is "the CFPB's official interpretation of its own regulation," "warrants deference from the courts unless 'demonstrably irrational,'" and should therefore be treated as "a definitive interpretation" of Regulation E. *Strubel v. Capital One Bank (USA)*, 2016 U.S. Dist. LEXIS 41487, *11 (S.D. N.Y. 2016) (quoting *Chase Bank USA v. McCoy*, 562 U.S. 195, 211 (2011)) (so holding for the CFPB's Official Staff Commentary for the Truth In Lending Act's Regulation Z)).

18.    The importance of Regulation E is highlighted by the fact that the Consumer Financial Protection Bureau's ("Bureau") study of actual practices found that: 1) ATM and debit card transactions are by far the most frequent transactions that occur; 2) overdraft fee policies

entail expensive fees at very little risk to the financial institutions; and 3) opted-in accounts have seven times as many overdrafts that result in fees as not opted-in accounts.

**B.    Apple FCU Makes Important Contractual Promises to Its Account Holders**

19.    Plaintiff Jean-Baptiste's and Plaintiff Liggio's checking accounts with Apple FCU are, and were at all relevant times, governed by Apple FCU's standardized contract for deposit accounts, the material terms of which are drafted by Apple FCU, amended by Apple FCU from time to time at its convenience and complete discretion, and imposed by Apple FCU on all of its customers, a copy of which is attached hereto at Exhibit 1 (hereinafter, the "Account Agreement").

20.    in plain, clear, and simple language in the section of the Account Agreement concerning OD Fees, Apple FCU promises its account holders that if it pays "items" (plural) that "result[] in insufficient funds in your account", the account holder "agree[s] to pay the insufficient amount, including the fee [(singular)] assessed by us," i.e., a single OD Fee:

> If we pay these items or impose a fee that results in insufficient funds in your account, you agree to pay the insufficient amount, including the fee assessed by us, in accordance with our standard overdraft services or any other service you may have authorized with us, or if you do not have such protections with us, in accordance with any overdraft payment policy we have, as applicable.

Ex. 1, at 6.

21.    None of Apple FCU's account documents ever describe the transaction posting order used by Apple FCU, which is designed to maximize the number of OD Fees assessed to consumers, nor do any of the account documents clearly explain that an OD Fee will be charged for every single one of the many "items" that might result in insufficient funds in the account.

22.    In the Account Agreement, Apple FCU also promises its account holders that it will not authorize or pay one-time debit card transactions or ATM transactions that overdraft an account, absent the account holder's affirmative and informed consent to such coverage:

> If we offer standard overdraft services, this service allows us to authorize payment for the following types of transactions regardless of whether your share or deposit account has sufficient funds: (1) share drafts/checks and other transactions made using your checking account, except as otherwise described below; (2) automatic bill

payments; (3) ACH transactions. <u>For ATM and one-time debit card transactions, you must affirmatively consent to such coverage. Without your consent, the Credit Union may not authorize and pay an ATM or one-time debit card transaction that will result in insufficient funds in your account.</u>

Ex. 1, at 6 (emphasis added).

23.    Apple FCU's "Overdraft Privilege Disclosure" (a copy of which is attached hereto as Exhibit 2) states that:

> An overdraft occurs when you do not have enough money as an available balance in your Apple Federal Credit Union account to cover a transaction paid via Debit Card or ATM Card, but Apple pays the transaction anyway.

Ex 2, at 1.

24.    The Overdraft Privilege Disclosure also contains statements concerning Apple FCU's treatment of ATM and one-time, non-recurring debit card transactions. Specifically, the Overdraft Privilege Disclosure states, pursuant to Apple FCU's "standard overdraft practices," in which Plaintiffs are both enrolled, that:

> Apple will not authorize and/or pay overdrafts for the following types of transactions **unless requested by the member**:
> • ATM transactions
> • Everyday Debit Card transactions.

*Id.*

25.    The Overdraft Privilege Disclosure further states:

> What if I want Apple FCU to authorize and pay overdrafts on my ATM and everyday Debit Card transactions? If you are currently enjoying the benefits of overdraft coverage and would like to continue, please:
> • Visit AppleFCU.org/ODP
> • Call 703-788-4800 or 800-666-7996
> • Stop by any Apple branch location – AppleFCU.org/Locations.

*Id.* As written, this Overdraft Protection Disclosure presumes that all Apple FCU account holders have already provided affirmative written consent to be charged OD Fees on one-time non-recurring debit card transactions.

26.    It thus appears that Apple FCU has failed, across the board, to obtain affirmative written consent, in accordance with the strict procedural and substantive requisites of Regulation E, prior to enrolling its account holders in the ODP service.

6

27.     The hyperlink contained within the foregoing excerpt of the Overdraft Privilege Disclosure, http://AppleFCU.org/ODP, directs account holders to an Apple FCU website titled "Overdraft Privilege" (hereinafter the "Overdraft Privilege Website").  A true and correct copy of a screenshot of the Overdraft Privilege Website, as of April 27, 2018, is attached hereto as Exhibit 3.

28.     Apple FCU's Overdraft Privilege Website prominently states at the top, in bold lettering, that Apple FCU's "Overdraft Privilege" (or "ODP") service affords account holders a way to "[a]void overdrawing your account." Ex. 3 at 1.  That statement could not be further from the truth, because the ODP service is specifically designed to increase, not to stop, the likelihood of an account being overdrawn.

29.     Apple FCU's goal of confusing its own account holders in this way is obvious from the face of the Overdraft Privilege Website, which first refers to the service as "Overdraft Privilege" but then immediately below that heading refers to the service as "Overdraft Protection":



The representations on this website are false and misleading because there is plainly nothing "protect[ive]" about a service that is specifically designed to allow accounts to overdraft and to impose overdraft fees *en masse.*

30.     With respect to the fee charged by Apple FCU if an account overdrafts, the Overdraft Privilege Website states:

7

> Should an overdraft ever occur, ODP will allow you to complete your transaction. Apple, at its sole discretion, will pay the item(s) up to the authorized Overdraft Privilege limit and charge the account the Credit Union's standard Non-Sufficient Funds (NSF)/ODP fee of $29 for each item that overdraws the account.
>
> <u>Fee applies to overdrafts created by check, in-person withdrawal, or other electronic means</u>. Checking account can't remain negative for more than 30 days or Checking account balance must be made positive every 30 days.

*Id.* (emphasis added).

31.     Nowhere on the Overdraft Privilege Website or the Overdraft Privilege Disclosure does Apple FCU disclose that, if an account is enrolled in the ODP service, a $29.00 overdraft fee is charged for each and every one-time non-recurring debit card transaction or ATM withdrawal that overdraws an account — much less for such transactions that do not even overdraw an account, as happened to Plaintiffs here.

32.     Even with respect to other types of transactions besides one-time debit transactions and ATM withdrawals, the Overdraft Privilege Website states that Apple FCU will charge "$29 for each item **that overdraws the account**" – which clearly means, consistent with the Account Agreement, *supra ¶* 22 (citing Ex. 1 at 6), that only a single $29.00 OD Fee will be charged when an account becomes overdrawn by an item.  Indeed, as a matter of logic and common sense, only one item actually "overdraws the account."

33.     The Overdraft Privilege Website contains a link that states "Overdraft Privilege Opt Out Request," which directs account holders to a PDF file titled "Request to Opt-Out of Overdraft Privilege" (hereinafter the "ODP Opt-Out Form") , a copy of which is attached hereto as Exhibit 4.  The ODP Opt-Out Form permits account holders to opt out of Apple FCU's ODP service, and requires account holders to opt out for at least one year if they choose to opt out at all.  But there is no mechanism on the ODP Opt-Out Form or elsewhere for an account holder to **opt in** to the ODP service.  As the Overdraft Privilege Disclosure, the Overdraft Privilege Website, and the ODP Opt-Out Form make apparent, Apple FCU has placed the burden on account holders to opt-

out, as opposed to opt-in, to the ODP service, which Apple FCU has involuntarily opted them into in the first instance.

**C. Apple FCU's Conduct Breaches the Account Agreement with Its Account Holders and Violates Regulation E**

34. Plaintiffs' checking accounts with Apple FCU were, at all relevant times, governed by Apple FCU's standardized Account Agreement, the material terms of which are drafted by Apple FCU, amended by Apple FCU from time to time at its convenience and complete discretion, and imposed by Apple FCU on all of its customers.

35. In plain, clear, and simple language, the checking account contract documents discussing OD Fees promise that Apple FCU will only charge an OD Fee when a transaction results in insufficient funds to "cover" it:

> If we pay these items or impose a fee that results in insufficient funds in your account, you agree to pay the insufficient amount, including the fee assessed by us, in accordance with our standard overdraft services or any other service you may have authorized with us, or if you do not have such protections with us, in accordance with any overdraft payment policy we have, as applicable.

Account Agreement, Ex. 1.

36. Moreover, Apple FCU's "Overdraft Privilege Disclosure" deceptively and incompletely states that:

> An overdraft occurs when you do not have enough money as an available balance in your Apple Federal Credit Union account to cover a transaction paid via Debit Card or ATM Card, but Apple pays the transaction anyway.

Overdraft Privilege Disclosure, Ex. 2.

37. None of the account documents never describe the transaction posting order used by Apple FCU, which is designed to maximize the number of OD Fees assessed to consumers.

9

38.     Additionally, as explained above, Regulation E, 12 C.F.R. § 1005.17, requires financial institutions such as Apple FCU to obtain the affirmative, informed consent from an account holder prior to assessing overdraft fees against his or her account pursuant to an overdraft service that permits ATM and non-recurring debit card transactions to overdraw an account.

39.     However, in complete disregard for these important, duly-enacted federal statutory requirements, Apple FCU has at all times material to this litigation failed to provide disclosures that adequately or accurately inform account holders of the terms of and fees associated with its overdraft service—including the manner in which OD Fees will be assessed—and has therefore failed to obtain the requisite informed written consent from any account holder prior to assessing an overdraft fee for an ATM or non-recurring debit card transaction pursuant to that service.

40.     Specifically, in the Account Agreement and related documentation, Apple FCU affirmatively misrepresents its actual policies and practices by failing to accurately disclose that, as part of its "ODP service," it will assess OD Fees even on transactions with sufficient account funds to "cover" them, or that it will authorize one-time debit and ATM transactions into a negative balance and then charge a $29.00 fee as a result of each such transaction, even after the initial item that "overdraws the account".

41.     By charging overdraft fees on ATM and nonrecurring transactions without providing the requisite disclosures and obtaining the requisite affirmative consent in writing, Apple FCU has systematically violated Regulation E (12 C.F.R. §§1005 et seq.), whose "primary objective" is "the protection of consumers" (§1005.l(b)) and which "carries out the purposes of the [Electronic Fund Transfer Act 15 U.S.C. §§1693 et seq.), the "EFTA"] (§1005. l(b)), whose express "primary objective" is also "the provision of individual consumer rights" (15 U.S.C. §1693(b)).

42.     Moreover, Apple FCU has also systematically breached the promises it made to its account holders in the Account Agreement – specifically, its promises not to authorize or pay, or assess $29.00 fees for, one-time debit card and ATM transactions absent knowing consent from the accountholder.

43.     Finally, Apply FCU has also systematically breached its promise to its account holders in the Account Agreement to only charge overdraft fees for other types of transactions (transactions besides non-recurring debit and ATM transactions) if there are insufficient funds to cover the item in question such that the item overdraws the account.  In breach of this promise, Apple FCU routinely charges overdraft fees resulting from transactions for which there were sufficient funds to cover the item in question and did not actually overdraw the account.

### D.     Plaintiff Jean-Baptiste's Experience at Apple FCU

44.     Plaintiff Jean-Baptiste has two checking accounts with Apple FCU, both of which are governed by Apple FCU's "standard overdraft practices."

45.     At no time has Apple FCU provided written disclosures to Plaintiff Jean-Baptiste, as required by Regulation E and the Account Agreement, adequately disclosing Apple FCU's practice of assessing a $29.00 overdraft fee for each and every non-recurring debit card transaction drawn against a negative account balance, much less such transactions that did not even overdraw the account.  Specifically, Apple FCU failed to provide Plaintiff Jean-Baptiste a segregated, non-misleading and truthful description of its practices in assessing, as part of the ODP service, overdraft fees as a result of one-time debit card transactions, as required by 12 C.F.R. § 1005.17.  To the extent any disclosures were provided to Plaintiff Jean-Baptiste in this regard, such disclosures were misleading and false and not segregated, as alleged herein above.  Apple FCU failed to obtain Plaintiff Jean-Baptiste's affirmative, written consent, and failed to confirm the receipt of such consent in writing to Plaintiff Jean-Baptiste, prior to enrolling Plaintiff Jean-Baptiste in the "ODP service" and charging Plaintiff Jean-Baptiste overdraft fees as a result of ATM and non-recurring debit card transactions, including ones that did not overdraw her account.

46.     Nonetheless, on numerous occasions, including but not limited to the instances below, Plaintiff Jean-Baptiste was assessed an OD Fee in the amount of $29.00 on the following occasions, despite the fact that her account never went negative even after the transaction that supposedly caused the OD Fee was posted:

11

- On March 12, 2016, Plaintiff Jean-Baptiste was charged three OD Fees, two on which were for transactions that did not overdraw her account and which her bank statement shows did not overdraw her account.

- On March 25, 2016, Plaintiff Jean-Baptiste was charged three OD Fees, all of which were for transactions that did not overdraw her account and which her bank statement shows did not overdraw her account.

- On April 15, 2016 Plaintiff Jean-Baptiste was charged three OD Fees, two on which were for transactions that did not overdraw her account and which her bank statement shows did not overdraw her account.

- On June 1 and June 2, 2017 Plaintiff Jean-Baptiste was charged several OD Fees for transactions that did not overdraw her account and which her bank statement shows did not overdraw her account.

47. Plaintiff Jean-Baptiste at all times had sufficient funds to cover the foregoing transactions (and numerous other transactions like them that occurred during the past six years) that resulted in improper OD Fees.

48. Because the foregoing OD Fees were charged even though Plaintiff Jean-Baptiste's account balance account balance was overdrawn by the transaction at issue, Apple FCU assessed the fees in violation of its own Account Agreement with Plaintiff Jean-Baptiste.

49. In the past four years alone, Apple FCU has siphoned over $5,000.00 out of Plaintiff Jean-Baptiste's checking account, $29.00 OD Fee at a time.

50. Finally, at numerous times in the past four years, Plaintiff Jean-Baptiste has been charged multiple $29.00 OD Fees as the result of transactions made into an already-overdrawn account, despite the fact that Apple FCU promised to only charge a single OD Fee for each instance in which a transaction overdraws an account.

**E.     Plaintiff Liggio's Experience at Apple FCU**

51. Plaintiff Liggio has one checking account with Apple FCU, which is governed by Apple FCU's "standard overdraft practices."

52.     At no time has Apple FCU provided written disclosures to Plaintiff Liggio, as required by Regulation E and the Account Agreement, adequately disclosing Apple FCU's practice of assessing a $29.00 overdraft fee for each and every non-recurring debit card transaction drawn against a negative account balance, much less such transactions that did not even overdraw the account.  Specifically, Apple FCU failed to provide Plaintiff Liggio a segregated, non-misleading and truthful description of its practices in assessing, as part of the ODP service, overdraft fees as a result of one-time debit card transactions, as required by 12 C.F.R. § 1005.17.  To the extent any disclosures were provided to Plaintiff Liggio in this regard, such disclosures were misleading and false and not segregated, as alleged herein above.  Apple FCU failed to obtain Plaintiff Liggio's affirmative, written consent, and failed to confirm the receipt of such consent in writing to Plaintiff Liggio, prior to enrolling Plaintiff Liggio in the "ODP service" and charging Plaintiff Liggio overdraft fees as a result of ATM and non-recurring debit card transactions, including ones that did not overdraw her account.

53.     Nonetheless, on numerous occasions, including but not limited to the instances below, Plaintiff Liggio was assessed an OD Fee in the amount of $29.00 on the following occasions, despite the fact that her account never went negative even after the transaction that supposedly caused the OD Fee was posted:

- On January 4, 2015, Plaintiff Liggio was charged an OD Fee for a transaction that did not overdraw her account and which her bank statement shows did not overdraw her account.

- On November 19, 2016, Plaintiff Liggio was charged three OD Fees for transactions that did not overdraw her account and which her bank statement shows did not overdraw her account.

- On April 15, 2017, Plaintiff Liggio was charged two OD Fees for transactions that did not overdraw her account and which her bank statement shows did not overdraw her account.

54.     Plaintiff Liggio at all times had sufficient funds to cover the foregoing transactions (and numerous other transactions like them that occurred during the past six years) that resulted in improper OD Fees.

55.    Because the foregoing OD Fees were charged even though Plaintiff Liggio's account balance was overdrawn by the transaction at issue, Apple FCU assessed the fees in violation of its own Account Agreement with Plaintiff Liggio.

56.    Moreover, on numerous other occasions, including but not limited to the instances below, Plaintiff Liggio was assessed an OD Fee, in the amount of $29.00, as the result of a one-time, non-recurring debit card or ATM transaction authorized into a negative balance:

- On December 11, 2017, Plaintiff was charged a $29.00 OD Fee as a result of an ATM withdrawal, at an Apple FCU ATM, that was authorized into a negative balance.

- On August 3, 2017, Plaintiff was charged a $29.00 OD Fee as a result of a one-time, non-recurring debit card transaction, to iTunes.com in the amount of $2.99, that was authorized into a negative balance.

- On July 3, 2017, Plaintiff was charged a $29.00 OD Fee as a result of a one-time, non-recurring debit card transaction, to Wawa Convenience Store in the amount of $25.47, that was authorized into a negative balance.

57.    Plaintiff Liggio was charged the foregoing OD Fees as the result of the foregoing one-time debit card transactions despite the fact that she never provided Apple FCU with her affirmative, written consent to the imposition of OD Fees resulting from one-time debit card transactions.   Absent such consent, Apple FCU's Account Agreement as well as Regulation E both specifically prohibited the assessment of such fees.

58.    In the past four years alone, Apple FCU has siphoned over $8,000.00 out of Plaintiff Liggio's checking account, $29.00 OD Fee at a time.

59.    Finally, at numerous times in the past four years, Plaintiff Liggio has been charged multiple $29.00 OD Fees as the result of transactions made into an already-overdrawn account, despite the fact that Apple FCU promised to only charge a single OD Fee for each instance in which a transaction overdraws an account.

## CLASS ALLEGATIONS

60.    Plaintiff Jean-Baptiste and Plaintiff Liggio bring this action on behalf of themselves and on behalf of all others similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.  This action satisfies the numerosity, commonality, typicality, adequacy, predominance and superiority requirements of Rule 23 with respect to two classes of individuals, referred to below as the "Sufficient Funds Class" and the "Non-Recurring Debit Class".

61.    The proposed "Sufficient Funds Class" is defined as:

> All Apple FCU checking account holders in the United States who, within the applicable statute of limitation period, were charged one or more OD Fee as a result of a transaction that did not overdraw an account.

62.    The proposed "Non-Recurring Debit Class" is defined as:

> All Apple FCU checking account holders in the United States who, within the applicable statute of limitation period, were charged one or more OD Fee as a result of a one-time (i.e., non-recurring) debit card transaction.

63.    Plaintiffs reserve the right to modify or amend the definitions of the proposed Classes before the Court determines whether certification is appropriate.

64.    Excluded from the Classes are Apple FCU, its parents, subsidiaries, affiliates, officers and directors, any entity in which Apple FCU has a controlling interest, all customers who make a timely election to be excluded, governmental entities, and all judges assigned to hear any aspect of this litigation, as well as their immediate family members.

65.    The members of the Classes are so numerous that joinder is impractical.  The Classes consist of thousands of members, the identity of whom is within the knowledge of and can be ascertained only by resort to Apple FCU's records.

66.    The claims of the representative Plaintiffs are typical of the claims of the Classes in that the representative Plaintiffs, like all Class members, were charged OD Fees by Apple FCU as a result of charging OD Fees on transactions that did not actually overdraw checking accounts and as a result of one-time debit card transactions that were authorized into a negative balance.

The representative Plaintiffs, like all Class members, have been damaged by Apple FCU's misconduct in that they have been assessed overdraft charges that violate the Account Agreement. Furthermore, the factual basis of Apple FCU's misconduct is common to all Class members, and represents a common thread of unfair and unconscionable conduct resulting in injury to all members of the Classes.

67.    There are numerous questions of law and fact common to the Classes and those common questions predominate over any questions affecting only individual Class members.

68.    Among the questions of law and fact common to the Classes are whether Apple FCU:

   a.    Imposed OD Fees on debit card transactions when those transactions did not overdraw accounts (for the "Sufficient Funds Class").

   b.    Imposed OD Fees on one-time debit card transactions authorized into a negative balance (for the "Non-Recurring Debit Class").

   c.    Imposed OD Fees on debit card transactions in violation of the Electronic Funds Transfer Act.

   Other questions of law and fact common to the Classes include:

   d.    The proper method or methods by which to measure damages, and

   e.    The declaratory relief to which the Classes are entitled.

69.    Plaintiffs' claims are typical of the claims of other Class members, in that they arise out of the same wrongful overdraft policies and practices of Apple FCU's account contract. Plaintiffs have suffered the harm alleged and have no interests antagonistic to the interests of any other Class member.

70.    Plaintiffs are committed to the vigorous prosecution of this action and have retained competent counsel experienced in the prosecution of class actions and, in particular, class actions on behalf of consumers and against financial institutions.  Accordingly, Plaintiffs are adequate representatives and will fairly and adequately protect the interests of the Classes.

71.    A class action is superior to other available methods for the fair and efficient

adjudication of this controversy. Since the amount of each individual Class member's claim is small relative to the complexity of the litigation, and due to the financial resources of Apple FCU, no Class member could afford to seek legal redress individually for the claims alleged herein. Therefore, absent a class action, the Class members will continue to suffer losses and Apple FCU's misconduct will proceed without remedy.

72. Even if Class members themselves could afford such individual litigation, the court system could not. Given the complex legal and factual issues involved, individualized litigation would significantly increase the delay and expense to all parties and to the Court. Individualized litigation would also create the potential for inconsistent or contradictory rulings. By contrast, a class action presents far fewer management difficulties, allows claims to be heard which might otherwise go unheard because of the relative expense of bringing individual lawsuits, and provides the benefits of adjudication, economies of scale and comprehensive supervision by a single court.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### BREACH OF CONTRACT
**(Individually and on Behalf of the Sufficient Funds Class)**

73. Plaintiff Jean-Baptiste and Plaintiff Liggio repeat paragraphs 1 through 72 above.

74. Plaintiff Jean-Baptiste, Plaintiff Liggio, and all members of the proposed Sufficient Funds Class contracted with Apple FCU for bank account deposit, checking, ATM, and debit card services, as set forth in the Account Agreement.

75. Apple FCU breached promises made to Plaintiff Jean-Baptiste, Plaintiff Liggio, and all members of the proposed Sufficient Funds Class when, as described herein, Apple FCU charged overdraft fees as a result of transactions that did not overdraw a checking account.

76.     Plaintiff Jean-Baptiste, Plaintiff Liggio, and all members of the proposed Sufficient Funds Class have performed all, or substantially all, of the obligations imposed on them under the contract.

77.     Plaintiff Jean-Baptiste, Plaintiff Liggio, and all members of the proposed Sufficient Funds Class have sustained damages as a result of Apple FCU's breach of the contract.

**SECOND CLAIM FOR RELIEF**
**BREACH OF CONTRACT**
**(Individually and on Behalf of the Non-Recurring Debit Class)**

78.     Plaintiff Jean-Baptiste and Plaintiff Liggio repeat paragraphs 1 through 72 above.

79.     Plaintiff Jean-Baptiste, Plaintiff Liggio, and all members of the proposed Sufficient Funds Class contracted with Apple FCU for bank account deposit, checking, ATM, and debit card services, as set forth in the Account Agreement.

80.     Apple FCU breached promises made to Plaintiff Jean-Baptiste, Plaintiff Liggio, and all members of the proposed Sufficient Funds Class when, as described herein, Apple FCU charged overdraft fees as a result of one-time, non-recurring debit card transactions authorized into a negative balance.

81.     Plaintiff Jean-Baptiste, Plaintiff Liggio, and all members of the proposed Sufficient Funds Class have performed all, or substantially all, of the obligations imposed on them under the contract.

82.     Plaintiff Jean-Baptiste, Plaintiff Liggio, and all members of the proposed Sufficient Funds Class have sustained damages as a result of Apple FCU's breach of the contract.

**THIRD CLAIM FOR RELIEF**
**VIOLATION OF THE EFTA (REGULATION E), 12 C.F.R. § 1005, et seq.;**
**AUTHORITY DERIVED FROM 15 U.S.C. § 1693 et seq.))**
**(Individually and on Behalf of both Classes)**

83.     Plaintiff Jean-Baptiste and Plaintiff Liggio repeat paragraphs 1 through 72 above.

18

84. Apple FCU charged Plaintiff Jean-Baptiste and Plaintiff Liggio overdraft fees as a result of ATM and non-recurring debit card transactions authorized into a negative balance.

85. Apple FCU failed to provide Plaintiff Jean-Baptiste or Plaintiff Liggio disclosures that fully and accurately described Apple FCU's "ODP service" – i.e., the service under which Apple FCU would assess overdraft fees as a result of ATM and non-recurring debit card transactions authorized into a negative balance – prior to enrolling Plaintiffs in the "ODP service" and charging Plaintiffs overdraft fees as a result of ATM and non-recurring debit card transactions authorized into a negative balance. Specifically, prior to enrolling Plaintiffs in the "ODP service" and charging Plaintiffs overdraft fees as a result of ATM and non-recurring debit card transactions authorized into a negative balance, Apple FCU failed to provide Plaintiffs a segregated, non-misleading and truthful description of its practices, as part of the ODP service, in assessing overdraft fees as a result of one-time debit card transaction, as required by 12 C.F.R. § 1005.17.

86. Apple FCU failed to obtain the informed written consent of Plaintiff Jean-Baptiste or Plaintiff Liggio to be enrolled in Apple FCU's "ODP service" – specifically, the service under which Apple FCU would assess overdraft fees as a result of ATM and non-recurring debit card transactions authorized into a negative balance – prior to enrolling Plaintiffs in the "ODP service" and charging Plaintiffs overdraft fees as a result of ATM and non-recurring debit card transactions authorized into a negative balance. Specifically, Apple FCU failed to obtain Plaintiffs' affirmative, written consent, and failed to confirm the receipt of such consent in writing to Plaintiffs, prior to enrolling Plaintiffs in the "ODP service" and charging Plaintiffs overdraft fees as a result of ATM and non-recurring debit card transactions authorized into a negative balance.

87. Plaintiffs were assessed numerous $29.00 overdraft fees as a result of one-time non-recurring debit card transactions being authorized into a negative balance, without their informed, affirmative and written consent, in violation of Regulation E (12 C.F.R. §§1005 et seq.), whose "primary objective" is "the protection of consumers" (§1005.l(b)) and which "carries out the purposes of the [Electronic Fund Transfer Act 15 U.S.C. §§1693 et seq.), the "EFTA"] (§1005.

19

l(b)), whose express "primary objective" is also "the provision of individual consumer rights" (15 U.S.C. §1693(b)).

88.      Moreover, in the Overdraft Privilege Disclosure, Apple FCU states that "[a]n **overdraft** occurs when you do not have enough money in your account to cover a transaction, but we pay it anyway."  This statement is false and misleading, also in violation of 12 C.F.R. § 1005.17 because, *inter alia*, Apple FCU assesses overdraft fees when there is in fact enough money in the account to pay for the transaction at issue, as alleged herein occurred numerous times to Plaintiffs. Indeed, as exhibited by the transactions set forth above, Apple FCU charged numerous $29.00 overdraft fees to Plaintiffs' accounts as a result of transactions for which sufficient funds existed to cover.

89.      As a result of violating Regulation E's prohibition against assessing overdraft fees on ATM and non-recurring debit card transactions without obtaining affirmative consent to do so, Apple FCU has harmed Plaintiff and the Class.

90.      Due to Apple FCU's violation of Regulation E (12 C.F.R. § 1005.17), Plaintiffs and  all members of the Classes are entitled to, and do seek, actual and statutory damages, as well as attorneys' fees and  costs of suit pursuant to 15 U.S.C.A. § 1693m.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Jean-Baptiste and Plaintiff Liggio, individually and on behalf of the Classes, demand a jury trial on all claims so triable and judgment as follows:

A.  Certification for this matter to proceed as a class action on behalf of both proposed Classes under Fed. R. Civ. P. 23(b)(2) and 23(b)(3);

B.  Declaring Apple FCU's OD Fee policies and practices to be wrongful, unfair and unconscionable;

C.  Restitution of all OD Fees paid to Apple FCU by Plaintiffs and the members of the Classes, as a result of the wrongs alleged herein in an amount to be determined at trial;

D.  Actual damages in an amount according to proof;

E.  Pre-judgment interest at the maximum rate permitted by applicable law;

F. Costs and disbursements assessed by Plaintiffs in connection with this action, including reasonable attorneys' fees pursuant to applicable law;

G. For attorneys' fees under the Electronic Fund Transfer Act, the common fund doctrine, and all other applicable law; and

H. Such other relief as this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiffs, on behalf of themselves and the Classes, hereby demand a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all claims so triable.

Dated: May 10, 2018                              Respectfully submitted,

/s/ Kristi C. Kelly
Kristi C. Kelly, Esq., VSB #72791
Andrew J. Guzzo, Esq., VSB #82170
Casey S. Nash, Esq., VSB #84261
**KELLY & CRANDALL, PLC**
3925 Chain Bridge Road
Suite 202 Fairfax, VA 22030
Tel: (703) 424-7572
Fax: (703) 591-0167
Email: kkelly@kellyandcrandall.com
Email: aguzzo@kellyandcrandall.com
Email: casey@kellyandcrandall.com

Jeffrey Kaliel (*pro hac vice*)
jkaliel@kalielpllc.com
Sophia Gold*
sgold@kalielpllc.com
**KALIEL PLLC**
1875 Connecticut Ave. NW 10th Floor
Washington, D.C. 20009
Tel: (202) 350-4783

Frank S. Hedin*
fhedin@hedinhall.com
David W. Hall*
dhall@hedinhall.com
**HEDIN HALL LLP**
1395 Brickell Ave, Suite 900
Miami, Florida 33131

Tel: (305) 357-2107
Fax: (305) 200-8801

Robert Ahdoot*
rahdoot@ahdootwolfson.com
**AHDOOT & WOLFSON, PC**
1016 Palm Ave.
West Hollywood, California 90069
Tel: (310) 474-9111
Fax: (310) 474-8585

*Pro Hac Vice Applications Forthcoming

*Counsel for Plaintiffs*